[No. 972.]

### ANDREW TAFT, RESPONDENT, *v.* MATTHEW KYLE AND R. SADLER, APPELLANTS.

DATE OF NOTE—DISCREPANCY—WHEN NOT SUFFICIENT TO DECLARE TESTIMONY FALSE.—Witness testified that a certain note was executed and delivered August 5, 1875. The note, being produced, appeared to bear date August 5, 1878: *Held*, in the absence of any opportunity being given to the witnesses to explain, that this circumstance was not sufficient to authorize the district court to pronounce their testimony false.

RULE AS TO CONFLICT OF EVIDENCE, ENFORCED.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts appear in the opinion.

*G. W. Baker*, for Appellants.

*D. E. Baily*, for Respondent.

By the Court, BEATTY, C. J.:

The defendant, Kyle, is sheriff of Eureka county. At the instance of his co-defendant, Sadler, he attached certain personal property as the property of Taft & Johnson. The plaintiff, a brother of one of the defendants in the attachment suit, claims the property attached, and sues for its value. The defense is, that the sale to the plaintiff was without consideration, and fraudulent.

The case was tried in the district court, without a jury, and the sale found to have been *bona fide*, and for a valuable consideration.

The defendants appeal from the order of the district court denying their motion for a new trial, and the only ground of their appeal is, that the above-mentioned finding was against the evidence.

It is not denied that the testimony of the plaintiff and his vendors supports the finding of the court, and it must be conceded that any other finding would have convicted them of perjury. But this is precisely what appellants claim they have done for themselves by the glaring contradictions in their testimony.

The plaintiff testified that on August 5, 1875, Taft & Johnson were indebted to him for labor and for borrowed money to the amount of five hundred dollars, for which sum they gave him their note bearing that date, agreeing, verbally, that if it was not paid in one month, it should thenceforth bear interest at the rate of two per cent. per month; that on account of said note, their indebtedness to him amounted to about nine hundred dollars in January, 1879, in satisfaction of which he took a bill of sale for the property in controversy.

Taft and his partner, Johnson, testified to the same effect, all parties agreeing in the statement that the note was written by Johnson, and dated on the day it was delivered—August 5, 1875.

The note being called for and produced, appeared to bear date August 5, 1878, and this circumstance, appellants contend, is sufficient to convict them all of falsehood.

It does not appear, however, that the attention of any of the witnesses was called to the discrepancy between the apparent date of the note and their testimony, and we do not know but what they could have explained it if they had been given an opportunity. It may have been due to the resemblance of the figures 5 and 8, as they are sometimes formed, or to some other mistake. In the absence of any opportunity given to the witnesses to explain, we do not think this circumstance was sufficient to require the district court, or to authorize us, to pronounce their testimony false.

As to another particular the plaintiff contradicted himself. He testified that in a trade with Taft & Johnson,

prior to the sale in question, he paid them twenty-five dollars in cash.   They testified that they received no cash in that transaction, but got credit on account for two hundred dollars.   Plaintiff, being recalled, admitted that his first statement as to this matter was incorrect, and he failed to give any plausible explanation of it.

But if it were conceded to appellants that this circumstance deprived him of all credit before the court, it would not follow that his brother and his partner, Johnson, were not worthy of belief, and they both testify to the facts found by the court.

For aught that appears, the district judge may not have relied at all upon the testimony of the plaintiff.   There was other substantial and unimpeached testimony to support the findings, and the fact that it was contradicted by witnesses for the defendants, can not, under the well-known rule of decision, avail them in this court.

The judgment and order appealed from are affirmed.